ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| VANESSA DEL CARMEN DE JESÚS GOLDEROS<br><br>Recurrida<br><br>V.<br><br>FIDEICOMISO DE JESÚS TORO-GOLDEROS P/C LINA MARLETTE DE JESÚS GOLDEROS, CARMEN GINORIS GOLDEROS RODRÍGUEZ, **GINORIS CRISTINA DE JESÚS GOLDEROS**<br><br>Peticionaria | TA2026CE00420 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV00437<br><br>Sobre: Violación al Deber Fiduciario; Remoción y Nombramiento de Fiduciario sustituto; Decantación de bienes fideicomitidos; Terminación y Liquidación de Fideicomiso; daños y perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de abril de 2026.

Comparece la señora Ginoris Cristina De Jesús Golderos, fiduciaria del Fideicomiso De Jesús Toro-Golderos (Fideicomiso) (señora Ginoris De Jesús o peticionaria), quien solicita que se revise una Orden emitida el 25 de marzo de 2026 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] En el aludido dictamen, el foro primario autorizó la inspección física que peticionó la señora Vanessa Del Carmen De Jesús Golderos (señora Vanessa De Jesús o recurrida) en un inmueble perteneciente al Fideicomiso.

---

[1] Entrada Núm. 123 del caso BY2025CV00437 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Notificada el 26 de marzo de 2026.

Simultáneamente, la señora Ginoris De Jesús presentó una *Urgente Moción en Auxilio de Jurisdicción*, mediante la cual solicitó la paralización inmediata de la inspección del inmueble.

Por los fundamentos que se exponen a continuación, se deniega la expedición del auto de *certiorari* y, de igual manera, se declara No Ha Lugar al auxilio de jurisdicción solicitado por la peticionaria.

**I.**

Este caso tuvo su origen el 28 de enero de 2025, cuando la señora Vanessa De Jesús presentó una *Demanda* contra el Fideicomiso y las señoras Ginoris De Jesús, Lina Marlette De Jesús Golderos y Carmen Ginoris Golderos Rodríguez.[2] En esta, alegó que, mediante instrumentos públicos, el señor José Alberto De Jesús Toro creó el Fideicomiso y nombró a la peticionaria como fiduciaria sustituta, quien figuraba como beneficiaria junto a las demás partes del caso. La recurrida arguyó que, tras el fallecimiento del fideicomitente el 12 de abril de 2021, la señora Ginoris De Jesús incumplió sus deberes fiduciarios al no realizar distribuciones a las beneficiarias, no rendir cuentas ni proveer información sobre la administración del Fideicomiso, y al utilizar bienes fideicomitidos para su beneficio, incluyendo la ocupación de un inmueble sin pagar un canon de arrendamiento.

Asimismo, adujo que la fiduciaria falló en el mantenimiento de los bienes, en el pago de contribuciones y en adopción de una estrategia de inversión adecuada, lo que ocasionó la pérdida o depreciación de los activos del Fideicomiso. Esgrimió que, pese a múltiples solicitudes de información sobre la administración de los bienes, la fiduciaria se ha negado a proveerla de manera agresiva y desplegando un desdén desafiante.[3]

---

[2] *Íd.*, Entrada Núm. 1 en SUMAC.
[3] *Íd.*, Página 4, alegación núm. 15.

Ante ello, peticionó que la fiduciaria proveyera un inventario y contabilidad de los bienes fideicomitidos, detallara su administración y presentara un cuaderno particional. A su vez, reclamó la remoción de la fiduciaria y el nombramiento de un fiduciario sustituto, la terminación y liquidación del Fideicomiso, entre otros remedios.

Tras varios trámites procesales, el 25 de marzo de 2026, la señora Vanessa De Jesús presentó una *Moción Informativa y en Solicitud de Orden al Amparo de la Regla 34.2 de Procedimiento Civil.*[4] Sostuvo que, durante el descubrimiento de prueba, solicitó inspeccionar un inmueble perteneciente al Fideicomiso ubicado en la urbanización Mansiones de Tintillo Hills en Guaynabo para evaluar su estado físico y efectuar un inventario de bienes muebles que allí se encuentran.

La recurrida manifestó que la inspección era pertinente a las alegaciones sobre el uso personal del inmueble, la falta de mantenimiento y la depreciación de los bienes fideicomitidos. Señaló que la peticionaria se negó a permitir su requerimiento de inspección, al alegar que se vulneraría la intimidad e inviolabilidad de su hogar, que la solicitud era excesivamente amplia y que la recurrida contaba con documentación suficiente. Sobre esto, precisó que la documentación producida era unilateral e incompleta y que tenía derecho a realizar una inspección independiente, conforme a las Reglas 23, 31.1 (2) y 34.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 23, 31.1 (2) y 34.2, y al Artículo 27 (m) de la *Ley de Fideicomisos*, Ley Núm. 219-2012, según enmendada, 32 LPRA sec. 3352t. Ante ello, solicitó la intervención del foro recurrido.

En igual fecha, el TPI emitió la *Orden* recurrida, en la que autorizó la inspección solicitada por la señora Vanessa De Jesús al determinar que era pertinente, procedente, proporcional y necesaria

---

[4] *Íd.*, Entrada Núm. 122 en SUMAC.

para la adecuada adjudicación de las controversias pendientes.[5] Por ello, ordenó a la peticionaria permitir el acceso al inmueble en la fecha y hora notificada o en aquella que las partes acordaran razonablemente, a fin de que la representación legal de la recurrida y sus peritos realizaran la inspección. Además, la apercibió de no interferir, obstruir o limitar la inspección autorizada.

Inconforme, el 27 de marzo de 2026, la peticionaria presentó una *Urgente Moción de Reconsideración y en Solicitud de Oportunidad para Replicar*, mediante la cual indicó que el foro primario no le permitió exponer su postura, en violación a su debido proceso de ley.[6] Sostuvo que la recurrida incumplió con el requisito de certificación y los esfuerzos previos de buena fe exigido por la Regla 34 de Procedimiento Civil, *supra*, R. 34. Asimismo, entendió que el requerimiento era excesivamente amplio e indefinido y constituía una expedición de pesca, puesto que se solicitó el acceso al interior, exterior y áreas aledañas del inmueble sin precisar las áreas, los objetos, daños o elementos del inventario que requerían examen físico.

Además, adujo que ya había producido documentación extensa sobre el inmueble, por lo que la inspección solicitada resultaba innecesaria. Añadió que la misma implicaba una intromisión en una propiedad privada y que existían alternativas menos intrusivas. Por ello, peticionó que el TPI reconsiderara y dejara sin efecto la *Orden* recurrida o, en la alternativa, celebrara una vista para delimitar el alcance del descubrimiento de prueba.

El 6 de abril de 2026, el foro recurrido emitió y notificó una *Orden*, en la que determinó que permanecía la determinación previa.[7]

---

[5] *Íd.*, Entrada Núm. 123 en SUMAC. Notificada el 26 de marzo de 2026.
[6] *Íd.*, Entrada Núm. 124 en SUMAC.
[7] *Íd.*, Entrada Núm. 124 en SUMAC.

Además, ordenó que, previo a la inspección, se proveyeran los nombres de los peritos que acompañarían a la recurrida, si alguno.

Aún insatisfecha, el 7 de abril de 2026, la señora Ginoris De Jesús presentó un recurso de certiorari, en el que planteó que el TPI cometió los siguientes errores:

PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL EMITIR LA ORDEN [SUMAC NÚM. 123] EL MISMO DÍA EN QUE FUE RADICADA LA MOCIÓN DE LA PARTE RECURRIDA, SIN CONCEDER A LA PETICIONARIA EL TÉRMINO REGLAMENTARIO PARA PRESENTAR SU OPOSICIÓN NI OPORTUNIDAD ALGUNA DE SER OÍDA, EN VIOLACIÓN AL DERECHO CONSTITUCIONAL AL DEBIDO PROCESO DE LEY EN SU VERTIENTE PROCESAL, ARTÍCULO II, SECCIONES 1 Y 7 DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, Y A LA REGLA 8.4 DE LAS REGLAS DE PROCEDIMIENTO CIVIL.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL AUTORIZAR UN REQUERIMIENTO DE INSPECCIÓN QUE CONSTITUYE UNA EXPEDICIÓN DE PESCA ("FISHING EXPEDITION"), POR SER EXCESIVAMENTE AMPLIO, VAGO E INDEFINIDO; POR NO DESCUBRIR CON RAZONABLE PARTICULARIDAD LAS ÁREAS U OBJETOS A INSPECCIÓN; POR RESULTAR INNECESARIO Y ACUMULATIVO ANTE LA ABUNDANTE DOCUMENTACIÓN YA PRODUCIDA; Y POR IMPLICAR UNA INTROMISIÓN IRRAZONABLE Y DESPROPORCIONADA EN UNA RESIDENCIA PRIVADA PROTEGIDA POR LOS DERECHOS CONSTITUCIONALES A LA INTIMIDAD Y A LA VIDA PRIVADA, ARTÍCULO II, SECCIONES 1 Y 8 DE LA CONSTITUCIÓN DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO.

En esencia, la peticionaria señaló que el foro recurrido vulneró su derecho al debido proceso de ley al resolver la solicitud de inspección el mismo día de su presentación, sin concederle oportunidad para oponerse. Argumentó que dicha actuación privó al tribunal de un cuadro procesal completo, ya que había producido documentación extensa del inmueble, objetado la amplitud del requerimiento y manifestado su disposición a explorar alternativas menos intrusivas.

De otra parte, reiteró que la inspección autorizada constituía una expedición de pesca, al permitir acceso irrestricto a una residencia sin delimitar áreas u objetos específicos. Sostuvo que la solicitud era innecesaria y desproporcionada y que implicaba una intromisión irrazonable e inconstitucional en una residencia privada,

en violación a su derecho constitucional a la intimidad. Además, manifestó que la recurrida no agotó las gestiones de buena fe antes de acudir al TPI, foro que no ponderó la necesidad ni proporcionalidad del descubrimiento de prueba solicitado.

En igual fecha, la señora Ginoris De Jesús presentó una *Urgente Moción en Auxilio de Jurisdicción*, en la que solicitó la paralización inmediata de la inspección del inmueble pautada para el 9 de abril de 2026 a las 11:00 a.m. por un período no menor de dos (2) horas, al alegar que era inminente y tornaría académico este recurso. Esgrimió que el daño se produciría una vez los abogados y peritos entraran a la residencia, observaran y documentaran su interior. Arguyó que la *Orden* recurrida se emitió sin concederle la oportunidad de ser oída y que la paralización temporera no causaría perjuicio a la recurrida, pero evitaría un daño irreparable.

Por su parte, el 8 de abril de 2026, la señora Vanessa De Jesús se opuso al auxilio de jurisdicción, al entender que el TPI estableció que la inspección autorizada era pertinente, procedente, proporcional y necesaria. Sostuvo que el inmueble pertenece al Fideicomiso y que la peticionaria lo ocupa sin título, por lo que no podía invocar un derecho absoluto de intimidad. Alegó que la peticionaria tuvo oportunidad de ser oída mediante su reconsideración, cuyos planteamientos el foro primario rechazó. A su vez, argumentó que la inspección no constituía una expedición de pesca, sino un mecanismo de descubrimiento vinculado a las alegaciones del caso. También, sostuvo que no se demostró daño irreparable alguno, ya que la inspección era un mecanismo de descubrimiento y cualquier evidencia obtenida podría ser posteriormente excluida.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario discrecional que permite que un tribunal de mayor jerarquía revise decisiones del

foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare v. Mun. Las Piedras I,* 206 DPR 391, 404 (2021); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, *supra,* limita de forma taxativa las instancias en que procede expedir el auto de *certiorari* en un asunto interlocutorio civil. *McNeill Healthcare v. Mun. Las Piedras I, supra*; *Scotiabank v. ZAF Corp., et al.,* 202 DPR 478 (2019). Así, solo es revisable un dictamen bajo las Reglas 56 y 57 de Procedimiento Civil, *supra,* o la denegación de mociones dispositivas. Por excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía, relaciones de familia, interés público o situaciones que esperar a la apelación implicaría un fracaso irremediable de la justicia. *Íd.*

Si el asunto interlocutorio no se encuentra en tales instancias, el Tribunal carece de autoridad para intervenir, a fin de evitar dilaciones por la revisión de controversias que se pueden atender en una apelación. *Scotiabank v. ZAF Corp., et al., supra*, pág. 486.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025), rige los criterios que orientan la facultad discrecional de este Tribunal para atender una petición de *certiorari,* a saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari*, no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR, supra*, pág. 336. En tal caso, este Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare v. Mun. Las Piedras I, supra*, pág. 405.

### B. Descubrimiento de prueba

Las Reglas de Procedimiento Civil, *supra*, contemplan diversos mecanismos que permiten a las partes descubrir, obtener o preservar la evidencia necesaria para sustentar sus alegaciones en el juicio. Véase Regla 23 de Procedimiento Civil, *supra. Scotiabank v. ZAF Corp., et al., supra.* Uno de estos mecanismos es el descubrimiento de documentos y objetos para ser inspeccionados, copiados o fotografiados, regulado por la Regla 31 de Procedimiento Civil, *supra*, R. 31. En particular, la Regla 31.1(2) de Procedimiento Civil, *supra*, R. 31.1 (2), autoriza a una parte a requerir que la otra permita la entrada a terrenos o propiedad bajo su posesión o control con el propósito de inspeccionar, medir, examinar o tomar fotografías de la propiedad o de objetos u operaciones realizadas en ella, siempre que la solicitud esté dentro del alcance del descubrimiento permitido.

El foro primario tiene amplia discreción para regular el descubrimiento de prueba y garantizar una solución justa, rápida y económica del caso, sin ventaja indebida a parte alguna. *Consejo de Titulares v. Triple-S*, 2025 TSPR 82, 216 DPR __ (2025); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000). Por ello, la intervención apelativa solo procede cuando se demuestra prejuicio, parcialidad, craso abuso de discreción o error en la aplicación del derecho. *Íd.*

**III.**

Tras evaluar los hechos del caso conforme al marco normativo aplicable, concluimos que no procede la expedición del auto de *certiorari*.

La *Orden* recurrida constituyó una determinación interlocutoria en el ámbito del descubrimiento de prueba, materia sobre la cual el TPI goza de amplia discreción para manejar el trámite procesal y propiciar la solución justa, rápida y económica del litigio. En ese contexto, la intervención apelativa únicamente procedía cuando se demostrara prejuicio, parcialidad, claro abuso de discreción o error en la aplicación del derecho, circunstancias que no se configuraron en el presente caso.

Según estableció el foro primario, la inspección del inmueble solicitada era pertinente, procedente, proporcional y necesaria para la adecuada adjudicación de las controversias planteadas en el caso, las cuales versaron sobre la administración de los bienes pertenecientes al Fideicomiso. No atisbamos que el foro recurrido erró al autorizar la inspección física del inmueble fideicomitido solicitada por la señora Vanessa De Jesús, quien, al igual que la peticionaria y las demás partes, figura como beneficiaria del Fideicomiso.

Asimismo, la peticionaria no demostró que la *Orden* recurrida se encuentre dentro de las instancias contempladas por la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, ni que se configurara alguno de los criterios establecidos en la Regla 40 del Reglamento de este Tribunal, *supra*, R. 40, que justifique el ejercicio de nuestra facultad discrecional. En consecuencia, declinamos ejercer nuestra jurisdicción discrecional.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*. En atención al resultado alcanzado, se declara No Ha Lugar al auxilio de jurisdicción solicitado por la peticionaria.

Notifíquese inmediatamente.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
